STATE OF NORTH CAROLINA v. FREDDIE LEE SELLERS

No. 7526SC908

(Filed 17 March 1976)

Criminal Law § 126— verdict returned — doubt expressed by juror — further deliberation by jury

> The trial court in a felonious assault prosecution did not err in instructing the jury to deliberate further when one juror, after the verdict was first returned and the jury was being polled, stated that at that time he had some doubt about defendant's mental capacity, and the court properly accepted the verdict after the jury had deliberated further.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 24 July 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 February 1976.

By indictment proper in form defendant was charged with an assault with a deadly weapon with intent to kill inflicting serious injury, Joan Williams being named as the victim of the assault. Defendant pled not guilty by reason of insanity.

Defendant presented medical evidence tending to show that he was suffering from unreasonable fears that certain people, particularly Joan, were trying to harm him.

The jury returned a verdict finding defendant guilty as charged and from judgment imposing prison sentence, he appealed.

*Attorney General Edmisten, by Senior Deputy Attorney General R. Bruce White, Jr., for the State.*

*Lindsey, Schrimsher, Erwin & Bernhardt, by Lawrence W. Hewitt, for defendant appellant.*

BRITT, Judge.

Defendant argues only one assignment of error. He contends that the court erred when it instructed the jury to deliberate further when one juror, after the verdict was first returned and the jury was being polled, stated that at that time he had some doubt about defendant's mental capacity. We find no merit in the assignment.

The record reveals that after the jury received the case and deliberated for some period of time, they returned to the courtroom and the foreman announced that they had reached a verdict finding defendant guilty of assault with a deadly weapon with intent to kill inflicting serious injury. Defendant's counsel then asked that the jury be polled. When polled, each juror except juror No. 1 confirmed the verdict. As to juror No. 1, he first confirmed the verdict but when asked "Is it now your verdict?" replied that "I was in doubt about his mental capacity" and stated that he still had doubt. Thereupon, without further instructions, the trial judge instructed the jury " . . . to retire and see how you find the issues and the verdict."

Following further deliberation, the jury returned to the courtroom and the foreman announced that they had agreed upon a verdict finding defendant guilty of assault with a deadly weapon with intent to kill inflicting serious injury. At the request of defense counsel, the jury was polled again and all jurors answered all questions in the affirmative. The court accepted the verdict and proceeded to pass judgment.

Defendant argues that when the juror stated that he had doubt about defendant's mental capacity, that constituted a vote of not guilty by that juror and precluded the court from ordering the jury to deliberate further. We reject this argument. In our opinion the statement by the juror indicated that the jury

was not unanimous in its verdict and the trial judge properly directed the jury to return to their room and resume deliberations.

While we are unable to find any case that directly supports our holding, we think an analogous situation was presented in *State v. Yoes, et al.,* 271 N.C. 616, 157 S.E. 2d 386 (1967). In that case when the jury announced it had reached a verdict, the foreman stated that as to the defendant Davis, the jury found him guilty as charged in the bill of indictment. The indictment charged rape. Before any verdict was announced as to the other defendants, counsel for Davis asked that the jury be polled. Upon the polling, the third juror stated that such was his verdict as to Davis but he recommended mercy. Thereupon, the court sent the jury back to their room for further deliberation with instructions to go back and make up their verdict, stating "[a] verdict must be a unanimous verdict." After further deliberation the jury returned to the courtroom and rendered a verdict of guilty of rape. The Supreme Court held that the action of the trial judge in returning the jury to its room for further deliberation and the returning of a unanimous verdict was not error.

We hold that defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.